# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | | |
|---|---|---|
| TONY SPILLER, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| PASQUALE R. LUCCI, | ) | CIVIL NO. 2006-83 |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM OPINION

Finch, Senior Judge

THIS MATTER comes before the Court on the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant Pasquale R. Lucci. Lucci contends that the amount in controversy is not greater than $75,000.00 so that diversity jurisdiction is not established pursuant to 28 U.S.C. § 1332.

## I.      Allegations of the Complaint

Plaintiff Tony Spiller alleges in his Complaint that Lucci and he entered into an agreement for Spiller to purchase a 50% interest in real property located in St. Croix, Virgin Islands. Spiller paid Lucci $10,0000. Spiller also loaned Food Service Distributors, a conpany belonging to Lucci's son, Rick Lucci, $33,593.37. Lucci agreed to convert Spiller's loan and labor into a 50% equity interest in the subject property. Although Lucci orally agreed to these conditions, Lucci refused Spiller's efforts to document these agreements in writing. Ultimately, Lucci attempted to terminate Spiller's interest and returned $10,000 to Spiller.

Spiller sues Lucci for breach of contract, claiming a loss of $33,593.37, loss of income, and loss of appreciation. He also alleges that Lucci fraudulently misrepresented to him that he would give Spiller a 50% interest in exchange for cash and work on the property. Finally, Spiller

seeks punitive damages against Lucci for defrauding him.

## II.     Lucci's Argument in Support of Dismissal

Lucci contends that Spiller has not satisfied the amount in controversy requirement

because there is no written agreement for the transfer of any interest in the subject real property

and therefore, Spiller's claim are barred by the statute of frauds.  Lucci also argues that the matter

involves a business relationship with Rick Lucci and FSD Corporation, and not with him since

he is legally affiliated with neither Rick Lucci nor FSD Corporation.  Lucci reasons that Spiller's

fraud claim must fail because Lucci had refused to sign any written contract that Spiller

proposed, and therefore Spiller was not justified in his reliance.  Finally Lucci argues that the

fraud claim does not meet the specificity requirement of Rule 9 of the Federal Rules of Civil

Procedure.

## III.    Amount in Controversy

"[U]nless the law gives a different rule, the sum claimed by the plaintiff controls if the

claim is apparently made in good faith.  It must appear to a legal certainty that the claim is really

for less than the jurisdictional amount to justify dismissal."  St. Paul Mercury Indemnity Co. v.

Red Cab Co., 303 U.S. 283, 288-89 (1938).  In its jurisdictional inquiry, the Court does not

consider the legal sufficiency of the claims or whether the legal theory advanced is unsound.

Suber v. Chrysler Corp., 104 F.3d 578, 583 (3d Cir. 1997).  "Typically, the inability of a plaintiff

to ultimately recover an amount adequate to give the court jurisdiction does not show bad faith,

nor does it oust the court's subject matter jurisdiction."  Huber v. Taylor, 532 F.3d 237, 243 (3d

Cir. 2008). When claims for punitive damages are not "patently frivolous and without

foundation," they "'will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum.'" Id. at 244 (quotation omitted).

## IV.    Analysis

Although Lucci raises various arguments that could result in the dismissal of some of all of Spiller's claims, there is nothing to suggest that Spiller's Complaint is so patently deficient as to reflect to a legal certainty that he could not recover $75,000. In his opposition to Lucci's motion, Spiller has detailed the loss of $33,593.37. His claim for fraudulent misrepresentation appears to have been made in good faith. Spiller's related claim for punitive damages is neither patently frivolous nor without foundation.

## V.    Conclusion

The Court cannot find to a legal certainty that the jurisdictional amount cannot be met. Therefore, the Court denies the Motion to Dismiss for Lack of Subject Matter Jurisdiction.

ENTER:

DATE:        September 14, 2009        _____/s/_____
                                       RAYMOND L. FINCH
                                       SENIOR DISTRICT JUDGE

3