IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

TONY SPILLER                    :      CIVIL ACTION
                                :
        v.                      :
                                :
PASQUALE R. LUCCI               :      NO. 06-83

MEMORANDUM

Bartle, C.J.                                           July 28, 2010

This dispute arises out of two alleged oral contracts between the parties related to the purchase of real property located at 1F Golden Rock in St. Croix, Virgin Islands. In his complaint, plaintiff claims breach of contract (count 1) and fraudulent misrepresentation (count 2).[1]

Now before the court are the motions of plaintiff Tony Spiller and the defendant Pasquale R. Lucci for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff moves with respect to his breach of contract claim only. Defendant moves with respect to both of plaintiff's claims.

I.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits

---

1. In his answer to Spiller's amended complaint dated November 5, 2009, Lucci asserted counterclaims for slander of title (count 1) and the intentional infliction of emotional distress (count 2). On May 21, 2010, Lucci filed a motion to dismiss both counterclaims. This court granted Lucci's motion to dismiss on May 25, 2010.

show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986). At this stage, the court makes all reasonable inferences from the evidence in the light most favorable to the non-movant. In re Flat Glass Antitrust Litig., 385 F.3d 350, 357 (3d Cir. 2004).

II.

The following facts are undisputed. On July 5, 2005 Spiller prepared and signed a document entitled "Purchase Agreement," which he mailed to Lucci. The written document provided that Spiller would purchase a 50% interest in 1F Golden Rock. It also provided that Lucci presently owned the real property and leased it to various tenants, that the property carried a $300,000 mortgage, and that Spiller would manage the property in the best interests of both parties. The payment schedule contained in the agreement provided that Spiller would pay $10,000 at the time of the signing of the agreement and $10,000 at each 90 day period from the date of signature, until reaching a total of $50,000.

Spiller mailed the document to Lucci along with a check for $10,000 from Spiller's wife, Donna Blakely. The check was written by his wife on a joint account. The memo section of the

check contained the notation "1st Payment 1F Golden Rock USVI." On July 18, 2005, Lucci endorsed the check and deposited it into his bank account. However, he did not sign the agreement Spiller had sent him.

On September 8, 2005, Spiller faxed a letter to Lucci requesting that Lucci execute the "Purchase Agreement." The letter also detailed Spiller's maintenance of the property at 1F Golden Rock as well as renovations he had made to the property, materials he had purchased and construction he had completed. Lucci never did sign the document.

From June to September of 2005, Spiller invested between $30,000 and $33,000 into Food Service Distributors Inc. ("FSD"), a business located at 1F Golden Rock.[2] FSD shipped and distributed goods, produce and personal property from Florida to the Virgin Islands for sale at 1F Golden Rock. FSD was owned, at least in part, by Lucci's son.[3] FSD went out of business in September, 2005.

On September 25, 2005, Spiller sent a letter to Lucci along with a second written document which Spiller had prepared and signed. The letter provided, in part, "I agree to your

---

2. Spiller alleges that he invested $33,593.37 into FSD through his renovations, delivery and shipping payments, and daily maintenance. Lucci contends that Spiller only invested $30,000 into FSD.

3. Spiller argues that he and Lucci's son owned FSD in partnership. Lucci concedes that Spiller had some financial involvement in FSD but disputes that Spiller was a partner and denies knowing the exact financial arrangements.

proposals as we discussed by telephone on Saturday, September 24, 2005.  Please come forward with all relevant documents so that I may produce the final documents for the 'S' corporation we are to form."  The agreement was executed by Spiller and stated in part:

> Agreement between Pat Lucci and Anthony Spiller, this agreement supercedes [sic] all previous writings between the parties ... It is agreed that all monies allocated by Spiller to date including those monies allocated to Food Services [sic] Inc. and other intangible assets to date constitute the total financial amount i.e. $50,000.00 as demanded by this agreement.

The agreement stated that Lucci and Spiller would form an "S" corporation, with each owning a 50% share in 1F Golden Rock.  The agreement also provided that the money Spiller invested in FSD for maintenance and other labor would be converted into Spiller's equity stake in 1F Golden Rock.  Lucci did not sign the agreement.

On September 28, 2005, Spiller sent Lucci a third letter stating "Pat, would you please either send me a signed copy of the agreement sent to you on 9/25/05 or agree to send me back my money."  On September 29, 2005, Lucci responded to Spiller with a fax stating "Your letter puzzles me.  I was under the impression that you had agreed to all discussions especially the last that you and I had without Ricky."  Lucci testified at his deposition that this cryptic fax may have been regarding Spiller's business relationship with Lucci's son, Ricky.

On October 10, 2005, Lucci issued a check to Spiller's wife, Donna Blakely, in the amount of $10,000 and forwarded it to Spiller. On November 3, 2005, Spiller sent a letter to Lucci, informing Lucci that he would deposit the $10,000 check into his attorney's escrow account until a resolution regarding the disputed agreements could be reached. The letter further detailed that the total amount to be returned by Lucci was $43,593.37. In letters dated November 9, 2005 and November 20, 2005, Spiller demanded that Lucci either execute the second agreement from September 25, 2005 or return the remaining balance of his investment in FSD, totaling $33,593.37.

Other facts are in dispute. In his deposition, Spiller testified that from late 2004 to early 2005, he and Lucci engaged in oral discussions about entering a partnership agreement concerning an interest in 1F Golden Rock in St. Croix, Virgin Islands ("1 F Golden Rock"). Spiller states that Lucci contacted him regarding the purchase of the property. Spiller maintains that during discussions on July 5, 2005, he and Lucci entered into an oral contract. The alleged July, 2005 oral contract provided that Lucci would grant Spiller a 50% interest in 1F Golden Rock. In exchange, Spiller would pay Lucci $50,000 and maintain the property. According to Spiller, the July purchase agreement was simply a written memorialization of his earlier oral contract with Lucci. Lucci agrees that he had discussions with Spiller but denies that he entered into any contract with

him. Lucci contends that the "purchase agreement" Spiller sent him in July, 2005 was an unsolicited offer.

Spiller further testified at his deposition that on September 22, 2005, he and Lucci made a second oral agreement by telephone in which Lucci would convert Spiller's loans and labor in FSD into his equity position in 1F Golden Rock. Spiller states that his investments in the company included payments for windows, lighting fixtures, delivery and shipping charges.

Spiller asserts that this second agreement of September 2005 replaced the July, 2005 agreement. Spiller has testified that under this contract his performance was completed and he was 50% owner of the real property as of September 24, 2005. Lucci concedes discussions with Spiller took place but states that Spiller simply made an offer which Lucci rejected.

III.

We turn first to Spiller's motion for summary judgment on the breach of contract claim. In analyzing this motion for summary judgment, the facts will be viewed in the light most favorable to the defendant.

Spiller's argument is not a model of clarity. He seems to argue that he is entitled to summary judgment on the July, 2005 "agreement." However, Spiller has presented on the record a second "agreement" dated September 25, 2005, which he signed that provides that it "supercedes *[sic]* all previous writings by the parties." Spiller confirms this understanding in his deposition. Thus, there is no dispute that even if there

existed a July 5, 2005 agreement at one point, it is no longer in effect. Lucci is entitled to summary judgment with respect to any such agreement.

However, in his complaint, Spiller also seems to allege a breach of any September, 2005 agreement. As to it, there exist genuine issues of material fact as to whether the parties entered into such an agreement since Lucci has presented evidence that there was never any meeting of the minds between Spiller and him.

Lucci also maintains in opposition to Spiller's motion of summary judgment and in support of his cross-motion for summary judgment that even if there was an oral contract for the sale of 1F Golden Rock, the Statute of Frauds precludes its enforcement. "A promise to transfer to any person any interest in land is within the Statute of Frauds." 1 V.I.C. § 4. A contract within the Statute of Frauds is void unless it is evidenced by "a deed of conveyance or other instrument in writing, signed by the person creating, granting, assigning, transferring, surrendering, or declaring the same, or by his lawful agent." 28 V.I.C. §241(a)(2). Spiller concedes that there is no writing signed by Lucci to satisfy the writing requirement for the Statute of Frauds.

Spiller argues his full performance of the oral contract removes it from the Statute of Frauds. The "Statute of Frauds defense is unavailable in the Virgin Islands where one party has fully performed under a contract." Smith v. Robson, 44 V.I. 56, 61 (V.I. 2001); see also, Birnbaum v. Zenda, 15 V.I.

329, 343 (Terr. Ct. 1978); Restatement (Second) of Contracts § 138, cmt. (c) (1981).

Spiller contends that his $10,000 check and his $33,593.37 investment in FSD constitutes full performance of his agreement with Lucci. He maintains that with respect to the September, 2005 oral contract, Lucci agreed to convert the money Spiller invested in FSD into Spiller's equity position in 1F Golden Rock. Spiller comes forward with the payment schedule contained in the July purchase agreement, a copy of a $10,000 check endorsed by Lucci, bank receipts showing $33,593.37 in expenditures, and a separate September 25, 2005 unsigned purchase agreement providing that Spiller's FSD investments constitute full payment for his 50% interest in 1F Golden Rock.

Spiller further argues that even if he has not fully performed, Virgin Islands common law allows for a party to avoid the Statute of Frauds defense in the event of partial performance. He maintains that the $10,000 check sent to and cashed by Lucci in July, 2005 as well as his maintenance and work on the property located at 1F Golden Rock constitutes his partial performance of the oral contract.

The Court of Appeals for the Third Circuit has declared that "If parties can show that part of an oral contract was performed, then the oral contract is taken out of the statute of frauds and becomes binding." Sylvester v. Frydenhoj Estates Corp., 47 V.I. 720, 724 (D.V.I. 2006); see also Island Block

Corp. v. Jefferson Constr. Overseas, Inc., 349 F.2d 322, 325-26 (3d Cir. 1965) (applying Virgin Islands law).

To enforce an oral contract using the partial performance doctrine, the moving party must show (1) "clear evidence of the subject matter of the oral agreement between the parties," (2) "that after the oral agreement, the party seeking to avoid the contract acted in a manner amounting to a representation that she proposed to honor the oral agreement and not avail herself of the statute of frauds to escape its performance" and (3) "that it relied on the other party's representation, either in performance or pursuance of the contract, so that it would incur an "unjust and unconscientious injury and loss" if the avoiding party is allowed to rely on a statute of frauds defense." Sylvester, 47 V.I. at 725.

Spiller asserts that the written documents, albeit unsigned, provide clear evidence of the subject matter of the oral contract. Spiller comes forward with the purchase agreement which outlines the sale of a 50% interest in 1F Golden Rock on the terms he has alleged. He also relies on Lucci's actions in failing to communicate his rejection of the Purchase Agreement, cashing the $10,000 check and allowing Spiller to invest money in FSD, a business located on the property. Lucci argues that he returned the $10,000 as requested by Spiller, and that even if an agreement had existed it was terminated. We find that genuine issues of material fact exist as to whether Spiller can avoid the bar of the Statute of Frauds.

IV.

Finally, we turn to Lucci's motion for summary judgment on plaintiff's claim for fraudulent misrepresentation. We note that plaintiff does not oppose Lucci's motion in this respect.

Lucci argues that he is entitled to summary judgment as a matter of law because he did not make any factual misrepresentations and because Spiller is unable to prove damages, an elemental part of proving misrepresentation. Spiller alleges that Lucci fraudulently and knowingly made a misrepresentation of a fact when he told Spiller he would give him a 50% interest in the real property in exchange for cash.

To prevail on a claim for fraudulent misrepresentation, the plaintiff must show "(1) a misrepresentation of fact, opinion, intention or law; (2) knowledge by the maker of the representation that it was false; (3) ignorance of the falsity by the person to whom it was made; (4) an intention that the representations should be acted upon; and (5) detrimental and justifiable reliance." Financial Trust Co., Inc. v. Citibank, N.A., 351 F. Supp. 2d 329 (D.V.I. 2004). Generally a person can only recover for fraud on the basis of a contractual promise for future action "if the present intention was false when it was uttered." Shillingford v. Hess Oil of Virgin Islands, 2009 WL 1765677 (D.V.I. 2009).

In the complaint, Spiller alleges that Lucci promised to convey the 50% interest and then refused to do so. However, Spiller does not come forward with any evidence that at the time

Lucci made the promise, he had no intention of honoring it. If Lucci did promise to convey the interest in 1F Golden Rock and subsequently refused to act on that promise, this would be insufficient to establish fraudulent misrepresentation under Virgin Islands law. Therefore, we will grant Lucci's motion for summary judgment as to Spiller's fraudulent misrepresentation claim.